IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint | ) | |
| Petition of: | ) | No. 27257-5-III |
| | ) | |
| LYLE L. HUTCHINS, | ) | |
| | ) | |
| Petitioner. | ) | UNPUBLISHED OPINION |

KORSMO, J. — This personal restraint petition (PRP) attempts to litigate a public trial violation as if the case was on appeal rather than on collateral attack. Since the Washington Supreme Court has rejected this approach, we dismiss this petition for failure to establish prejudice.

FACTS

This case has a lengthy procedural history, primarily due to the evolving area of law presented by the PRP. On February 3, 2003, four-year-old A.M. was left at the home of Lyle Hutchins to play with Mr. Hutchins's four-year-old son. An hour later, Mr. Hutchins returned A.M. to her home. A.M. then told her mother that Mr. Hutchins had touched her vagina and described a pornographic film that he had shown her. The incident was immediately reported to the police and charges were soon filed.

At a pretrial hearing, the State presented A.M. as a witness, but she was unable to take the stand or give any statements. Defense counsel stated that she had been similarly

unresponsive when he had attempted to interview her previously. The court then found A.M. to be unavailable to testify and subsequently admitted hearsay statements she made to her mother and to a counselor as evidence at trial. During jury selection, the court conducted private interviews in chambers with a number of the potential jurors concerning certain juror questionnaire responses.

Later at trial, the prosecutor asked Debra Hutchins, Mr. Hutchins's mother, whether it would surprise her to learn that her son had told police that A.M. and her father were at the residence Ms. Hutchins shared with her son on the third of February. Report of Proceedings (RP) at 567. The court sustained an objection, and the prosecutor rephrased the question to ask whether it would be correct to state that A.M. and her father came to the residence that day at around five o'clock, stayed for 45 minutes, and then left. Ms. Hutchins responded that it would be incorrect, because she was there at 5:30 and no one else was there. RP at 568.

The jury subsequently found Mr. Hutchins guilty and he appealed. This court affirmed his conviction, finding that the trial court did not err in admitting A.M.'s hearsay statements and excluding evidence of A.M.'s father's criminal history. *See State v. Hutchins*, No. 24559-4-III (Feb. 27, 2007). On July 18, 2008, Mr. Hutchins filed the present PRP, claiming a public trial right violation, among other constitutional violations.

The petition was stayed pending decisions in *State v. Strode*, 167 Wn.2d 222, 217 P.3d 310 (2009), and *State v. Momah*, 167 Wn.2d 140, 217 P.3d 321 (2009). Following

2

those decisions, this court lifted the stay and accepted briefing, but then imposed a second stay pending decisions in *State v. Wise*, 176 Wn.2d 1, 288 P.3d 1113 (2012), and *In re Personal Restraint of Morris*, 176 Wn.2d 157, 288 P.3d 1140 (2012). In January of 2013, this court again lifted the stay and requested supplemental briefing on the applicability of the decisions in *Wise*, *Morris*, and *State v. Paumier*, 176 Wn.2d 29, 288 P.3d 1126 (2012). At this point Mr. Hutchins amended his petition to include a claim that appellate counsel was ineffective for failing to raise the public trial right violation. The petition then was stayed twice more, and finally lifted following the recent decisions in *In re Personal Restraint of Speight*, 182 Wn.2d 103, 340 P.3d 207 (2014), and *In re Personal Restraint of Coggin*, 182 Wn.2d 115, 340 P.3d 810 (2014).

## ANALYSIS

The petition asserts violations of Mr. Hutchins's constitutional rights to a public trial, to confront the witness against him, and to a jury trial. We will consider each assertion in turn. The amendment additionally claims that appellate counsel was ineffective, which we will address in conjunction with the public trial issue.

Relief will only be granted in a PRP if there is a constitutional error that caused substantial, actual prejudice or if a nonconstitutional error resulted in a fundamental defect constituting a complete miscarriage of justice. *In re Pers. Restraint of Woods*, 154 Wn.2d 400, 409, 114 P.3d 607 (2005). It is the petitioner's burden to establish this threshold by a

preponderance of the evidence. *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2004).

*Public Trial Right*

Mr. Hutchins has readily established a violation of a constitutional right. Absent an on the record analysis and justification, questioning of potential jurors in chambers constitutes an improper courtroom closure in violation of article I, § 22 of the Washington Constitution. *Wise*, 176 Wn.2d at 11. However, Mr. Hutchins presents no evidence of any actual prejudice resulting from that violation. Rather, he argues that prejudice should be presumed because public trial right violations are structural errors that, when raised on appeal, automatically entitle the defendant to a new trial. *See id.* at 13-15. The Washington Supreme Court recently rejected this argument in the PRP context and those decisions govern here. *Speight*, 182 Wn.2d at 107; *Coggin*, 182 Wn.2d at 119-122. Because he has not demonstrated any actual prejudice from the in chambers questioning, Mr. Hutchins is not entitled to relief.

Recognizing this infirmity, Mr. Hutchins amended his petition to include a claim that appellate counsel was ineffective for failing to raise the public trial right violation.[1]

---

[1] Mr. Hutchins contends that this court raised the issue *sua sponte* in our request for supplemental briefing. Following the initial stay, this court requested briefing concerning the applicability of three intervening decisions. The fact that one of those decisions was resolved on ineffective assistance of counsel grounds does not mean that the request for supplemental briefing added that issue to the current petition. *See Morris*, 176 Wn.2d at 166-167.

However, this amendment came more than four years after the judgment and sentence became final.[2] A collateral attack on a facially valid judgment and sentence, rendered by a court of competent jurisdiction, is barred if more than one year has elapsed since the judgment and sentence became final. RCW 10.73.090(1). An amendment to a PRP does not relate back to the original filing, so new claims must be timely raised.[3] *In re Pers. Restraint of Haghighi*, 178 Wn.2d 435, 446-447, 309 P.3d 459 (2013). A challenge to the effectiveness of counsel does not implicate the court's jurisdiction or the facial validity of the judgment and sentence, nor does it fall within one of the statutory exceptions to the one-year time bar.[4] *In re Pers. Restraint of Adams*, 178 Wn.2d 417, 422-423, 309 P.3d 451 (2013); RCW 10.73.100. Consequently, this claim is untimely and will not be considered.

*Availability of A.M.*

Mr. Hutchins contends that the trial court erred in finding A.M. unavailable to testify as a precursor to admitting her hearsay statements. First, he argues that the trial court was

---

[2] The judgment became final on September 29, 2008, when this court issued the mandate on the appeal. *See* RCW 10.73.090(3).

[3] Mr. Hutchins contends, without support, that the procedural rules governing federal habeas petitions, which allow amendments to relate back, preempt state rules.

[4] Mr. Hutchins argues that this court should consider the issue nonetheless, because the law was unclear when he filed the PRP, invoking the spirit of the exception for retroactive changes in the law. *See* RCW 10.73.100(6). This is essentially an argument that the time bar should be equitably tolled. *See In re Pers. Restraint of Bonds*, 165 Wn.2d 135, 196 P.3d 672 (2008). Regardless, this argument is self-defeating. Mr. Hutchins cannot simultaneously argue that the law relating to public trial rights was clear enough that appellate counsel's performance was deficient for failing to raise the issue, but so unclear that he could not have known of that deficiency.

statutorily required to conduct a separate competency or availability hearing. However, RCW 9A.44.120 merely requires certain determinations be made outside the presence of the jury. The trial court determined that A.M. was unavailable during the pretrial hearing on the admissibility of her hearsay statements. There is no statutory requirement that an additional determination of unavailability be made at trial.

Next, Mr. Hutchins argues his right to confrontation was violated when the trial court found A.M. unavailable without exploring the possibility of having A.M. give testimony by closed-circuit television. *See* RCW 9A.44.150. A witness can only be considered unavailable where the State has made a good faith effort to obtain the witness's presence at trial. *State v. Ryan*, 103 Wn.2d 165, 170, 691 P.2d 197 (1984). Where there is evidence that a child victim may be able to testify by alternative means, the State must utilize its available options to secure that testimony. *State v. Smith*, 148 Wn.2d 122, 136, 59 P.3d 74 (2002).

Here, there is no evidence that A.M. might have been able to testify by alternative means. The fact that she made the original hearsay statements to her mother and a counselor does not indicate that she would have been responsive to counsel in an alternative setting. To the contrary, defense counsel conceded that A.M. was unresponsive during his previous attempts to interview her. RP at 168. As a result, the State satisfied its good faith obligation by presenting A.M. at the pretrial hearing, and the court did not err in finding her unavailable to testify.

*Jury Trial Right*

Mr. Hutchins contends that his constitutional rights were violated when the prosecutor elicited testimony from his mother characterizing him as a liar. Testimony concerning the veracity of another witness is improper since it invades the province of the jury. *State v. Padilla*, 69 Wn. App. 295, 299, 846 P.2d 564 (1993). The State argues that the testimony was acceptable because it did not state whether a particular witness was truthful, but merely whether the witness was correct. *See State v. Ramos*, 164 Wn. App. 327, 334, 263 P.3d 1268 (2011); *State v. Wright*, 76 Wn. App. 811, 822, 888 P.2d 1214 (1995). Mr. Hutchins replies that this distinction is irrelevant, and that a statement that another witness is incorrect is a statement as to the veracity of that witness. *See State v. Walden*, 69 Wn. App. 183, 186-187, 847 P.2d 956 (1993). However, we need not address these arguments because the testimony did not actually state that another witness was incorrect, much less lying.

Ms. Hutchins testified that it would be incorrect to say that A.M. and her father came to the Hutchins's residence at around 5 o'clock and stayed for 45 minutes, because they were not there when she returned home at 5:30. RP at 567-68. This testimony does not reference any particular witness, nor did any witness make that statement.[5]

---

[5] Mr. Hutchins did state that A.M. and her father came over and stayed for about 45 minutes, but he was unspecific as to the time of the event. RP at 442-444; 589-590.

7

No. 27257-5-III
*In re Pers. Restraint of Hutchins*

Consequently, this testimony did not invade the province of the jury, and there was no error.

The PRP has not met its heavy burdens of establishing error and resulting substantial prejudice. The petition is dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Brown, A.C.J.

_____
Fearing, J.