# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>            Respondent,<br><br>         v.<br><br>ARMANDO PEREZ,<br><br>            Appellant. | No. 65651-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: June 27, 2016 |

PER CURIAM. Armando Perez filed a personal restraint petition challenging his 2004 convictions of child molestation. Perez contends that the trial court conducted a portion of jury voir dire in chambers in violation of his right to a public trial, and that appellate counsel was ineffective in failing to raise that issue on direct appeal. We agree. Perez is entitled to collateral relief.

The State charged Armando Perez with three counts of child molestation. The case proceeded to trial, and prior to voir dire, the court provided prospective jurors with a questionnaire that provided as follows:

> Some of the questions may call for information of a personal nature that you may not want to discuss in public. If you feel that your answer to any questions may invade your right to privacy or might be embarrassing to you, you may so indicate on the form that you would prefer to discuss your answer in private. The court will give you an opportunity to explain your request for confidentiality in a closed hearing.[1]

The court questioned twelve jurors privately in chambers as a result of the questionnaire. Both the prosecutor and defense counsel participated in the questioning. The court excused four of the privately questioned jurors on its own motion based upon

---

[1] In response to Perez's petition, the State supplies the prosecutor's declaration stating her belief that the questionnaire was requested and prepared by the defense.

the responses. During the trial, the court questioned three additional jurors in chambers about their exposure to pretrial publicity. The three jurors remained on the jury.

A jury convicted Perez as charged in 2004. On appeal, Perez's counsel did not raise a public trial claim. See State v. Perez, No. 55458-1-I, noted at 135 Wn. App. 1012 (2006). In 2007, on remand from the decision on appeal, Perez was resentenced on two molestation counts and the State dismissed the third count. In October 2008, after Perez finished serving his sentence, he filed a timely motion under CrR 7.8 to vacate his judgment and sentence in Skagit County Superior Court.

On its own motion, the superior court stayed the matter pending resolution of two public trial rights cases in the Washington Supreme Court: State v. Momah, 167 Wn.2d 140, 217 P.3d 321 (2009) and State v. Strode, 167 Wn.2d 222, 217 P.3d 310 (2009). After the Supreme Court decided Momah and Strode, the superior court lifted the stay, held a hearing, and transferred the motion to this court for consideration as a personal restraint petition. See CrR 7.8 (c)(2).

This court then stayed the petition twice. We first stayed the case pending a decision by the Supreme Court in In re Pers. Restraint of Morris, 176 Wn.2d 157, 166, 288 P.3d 1140 (2012), and then we again stayed, pending the decisions in In re Pers. Restraint of Coggin, 182 Wn.2d 115, 340 P.3d 810 (2014) and In re Pers. Restraint of Speight, 182 Wn.2d 103, 340 P.3d 207 (2014). This court lifted the final stay in November 2015. The State has provided supplemental briefing addressing the impacts of Morris, Coggin, and Speight.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington State Constitution guarantee a criminal defendant the right to a

public trial. State v. Wise, 176 Wn.2d 1, 9, 288 P.3d 1113 (2012). Additionally, article I, section 10 of the Washington Constitution guarantees the public's open access to judicial proceedings. State v. Easterling, 157 Wn.2d 167, 174, 137 P.3d 825 (2006). To protect both rights, certain proceedings must be held in open court unless application of the five-factor test in State v. Bone-Club, 128 Wn.2d 254, 258-59, 906 P.2d 325 (1995) supports closure of the courtroom.[2]

It is well established that the public trial right in voir dire proceedings extends to the questioning of individual prospective jurors. Wise, 176 Wn.2d at 16-19. The wrongful deprivation of the public trial right is a structural error presumed to be prejudicial on direct appeal. Wise, 176 Wn.2d at 14.

To establish ineffective assistance of appellate counsel, a petitioner must establish that (1) counsel's performance was deficient and (2) the deficient performance actually prejudiced the defendant. Morris, 176 Wn.2d at 166. "[W]here appellate counsel fails to raise a public trial right claim, where prejudice would have been presumed on direct review, a petitioner is entitled to relief on collateral review." Morris, 176 Wn.2d at 161.

There is no dispute that the trial court closed the courtroom when it privately questioned potential jurors during voir dire in chambers without first conducting a Bone-Club analysis. This was a violation of Perez's constitutional right to a public trial.

---

[2] The five factors are: (1) the proponent of closure must make a showing of compelling need, (2) any person present when the motion is made must be given an opportunity to object, (3) the means of curtailing open access must be the least restrictive means available for protecting the threatened interests, (4) the court must weigh the competing interests of the public and of the closure, and (5) the order must be no broader in application or duration than necessary. Bone-Club, 128 Wn.2d at 258-59.

Because this error would have been presumed prejudicial on direct appeal, appellate counsel was ineffective for failing to raise it.

Relying on State v. Momah, the State argues that Perez is not entitled to a new trial despite the closure because he invited the violation. "The basic premise of the invited error doctrine is that a party who sets up an error at trial cannot claim that very action as error on appeal and receive a new trial." Coggin, 182 Wn.2d at 119. But in Momah, the trial court fully and effectively considered the Bone-Club factors on the record, even if it did not identify them by name. Momah, 167 Wn.2d at 156. Whereas here, there is nothing to indicate that the trial court recognized the closure issue or considered any of the underlying factors.

Instead, this case is more similar to Coggin. In Coggin:

> [d]uring jury selection, defense counsel expressed a desire for individual juror questioning due to the publicity and sensitive nature of the case. The prosecutor drafted a juror questionnaire, and defense counsel approved the final version. The questionnaire advised the potential jurors that if they preferred to discuss their answers in private, the court would give them an opportunity to explain their answers in a "closed hearing."

Coggin, 182 Wn.2d at 117. The Washington Supreme Court held that these actions did not rise to the level of invited error. Coggin, 182 Wn.2d at 119. Therefore, even assuming that defense counsel drafted the questionnaire, Perez did not invite the error.

Alternatively, the State maintains that Perez waived his public trial right. But waiver of a constitutional right must be knowing, voluntary, and intelligent. State v. Shearer, 181 Wn.2d 564, 571, 334 P.3d 1078 (2014). A court must "indulge every reasonable presumption against waiver of fundamental rights." State v. Frawley, 181 Wn.2d 452, 461, 334 P.3d 1022 (2014). Here, the record does not support a conclusion

that Perez waived his public trial right. There is no evidence that Perez was advised of his right to a public trial or that he consented to the private questioning of the jurors.

Finally, the State argues that Perez has failed to show that appellate counsel was constitutionally deficient. At the time of Perez's direct appeal, the Supreme Court had decided in In re Pers. Restraint of Orange, 152 Wn.2d 795, 100 P.3d 291 (2004). The State points out, however, that Orange involved the exclusion of the defendant's family due to courtroom space limitations and there was nothing to suggest that the defendant in Orange benefitted from the closure. Recognizing this difference, the State suggests that appellate counsel could have reasonably decided not to raise a public trial issue. But Morris also involved voir dire in chambers. And despite the factual differences, the Morris court concluded that Orange "clarified, without qualification, both that Bone-Club applied to jury selection and that closure of voir dire to the public without the requisite analysis was a presumptively prejudicial error on direct appeal." Morris, 176 Wn.2d at 167.

Therefore, Perez's personal restraint petition is granted and his case remanded to the superior court with orders to vacate his judgment and sentence and conduct any further necessary proceedings, consistent with this opinion.

For the court:

Trickey, ACJ

Verellen, J

Spearman, J.

5