

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE MAY 07 2015
Madsen, C. J.
CHIEF JUSTICE

This opinion was filed for record
at 8:00am on May 7, 2015

Shan Cal, Deputy
for Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of | NO. 89107-9 |
| TOBY ALFRED ERHART, | |
| Petitioner. | EN BANC |
| | Filed: **MAY 0 7 2015** |

PER CURIAM—Toby Erhart's judgment and sentence on multiple counts of first degree child rape and incest became final on direct appeal in 2008. In 2010 Erhart filed a personal restraint petition challenging his convictions, arguing for the first time that his constitutional right to a public trial was violated. The Court of Appeals dismissed the petition as untimely. We grant discretionary review and affirm.

## FACTS

During Erhart's trial, the court interviewed several prospective jurors privately in chambers without first conducting the courtroom closure analysis required by State v. Bone-Club, 128 Wn.2d 254, 258-59, 906 P.2d 325 (1995). The jury found

Erhart guilty of multiple sex offenses, and the trial court imposed an exceptional sentence. Erhart did not raise a public trial issue on direct appeal. The Court of Appeals affirmed the convictions but reversed the exceptional sentence and remanded for resentencing. After resentencing, the judgment and sentence became final in 2008.

In 2010 Erhart filed a motion in superior court to vacate the judgment, arguing for the first time that his constitutional right to a public trial was violated when the superior court interviewed prospective jurors in chambers without conducting a *Bone-Club* analysis.[1] The superior court transferred the motion to the Court of Appeals for consideration as a personal restraint petition pursuant to CrR 7.8(c)(2), and the acting chief judge dismissed the petition as untimely. Erhart then filed a motion for discretionary review in this court, which was stayed pending this court's decisions in Order, *In re Personal Restraint of Pink*, No. 83831-3 (Wash. Apr. 9, 2014) (order granting personal restraint petitions and remanding to superior court), *In re Personal Restraint of Speight*, 182 Wn.2d 103, 340 P.3d 207 (2014), and *In re Personal Restraint of Coggin*, 182 Wn.2d 115, 340 P.3d 810 (2014). The stay was lifted after those decisions became final. Meanwhile, Erhart filed a motion to amend his motion for discretionary review with a claim of ineffective assistance of appellate counsel and a motion to supplement the record with a log of courtroom proceedings that documents in-chambers interviews of prospective jurors. We now

---

[1] A criminal defendant's right to a public trial is guaranteed under article I, section 22 of the Washington Constitution and the Sixth Amendment to the United States Constitution. *See Bone-Club*, 128 Wn.2d at 257, 259-60; *Waller v. Georgia*, 467 U.S. 39, 46-47, 104 S. Ct. 2210, 81 L. Ed. 2d 31 (1984).

grant discretionary review, and for reasons discussed below, we affirm the Court of Appeals.

## ANALYSIS

Because Erhart filed his personal restraint petition more than one year after his judgment and sentence became final, the petition is untimely under RCW 10.73.090(1) unless the judgment and sentence is facially invalid or was entered without competent jurisdiction, or unless Erhart asserts solely grounds for relief exempt from the one year limit under RCW 10.73.100. *In re Pers. Restraint of Adams*, 178 Wn.2d 417, 422, 309 P.3d 451 (2013). Violation of the right to a public trial does not implicate the trial court's jurisdiction or the facial validity of the judgment and sentence for purposes of RCW 10.73.090(1). And such a claim in itself is not among the exemptions to the one-year time bar listed in RCW 10.73.100.[2]

But Erhart argues that his public trial claim falls within RCW 10.73.100(6) because the Court of Appeals public trial decision in *State v. Wise*, 148 Wn. App. 425, 200 P.3d 266 (2009), *rev'd*, 176 Wn.2d 1, 288 P.3d 1113 (2012), constitutes a significant change in the law that is material and retroactively applicable to his case. But as the citation indicates, this court reversed the Court of Appeals decision in *Wise*, and so that decision represents no precedential change in the law. Moreover, this court's decision in *Wise* was firmly grounded on this court's well-established precedent concerning the public trial right in relation to jury selection. *See Wise*, 176 Wn.2d at 11-12; *State v. Strode*, 167 Wn.2d 222, 227, 217 P.3d 310 (2009); *In re Pers. Restraint of Orange*, 152 Wn.2d 795, 804, 100 P.3d 291 (2004). *Wise* thus did

---

[2] The exemptions are (1) newly discovered evidence, (2) a conviction under an unconstitutional statute, (3) a double jeopardy violation, (4) insufficient evidence to support a conviction after plea of not guilty, (5) a sentence in excess of the trial court's jurisdiction, and (6) a significant change in the law that is material and retroactively applicable. RCW 10.73.100.

not overrule any previously controlling decision so as to make it a significant change in the law. *See In re Pers. Restraint of Domingo*, 155 Wn.2d 356, 366, 119 P.3d 816 (2005). Erhart's similar assertion that *Strode* constituted a significant change in the law fails for the same reason; he could have relied on *Orange* or *Bone-Club* to assert a public trial claim on direct appeal or in a timely personal restraint petition, but he did neither. Erhart thus fails to demonstrate the existence of a significant change in the law exempting his public trial claim from the one-year limit on collateral relief, making his personal restraint petition untimely.[3]

We affirm.

---

[3] Erhart's motion to add a new claim of ineffective assistance of appellate counsel is denied. Such a claim is time barred because it falls within neither RCW 10.73.090(1) nor RCW 10.73.100. *See In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 349, 5 P.3d 1240 (2000). Erhart's motion to supplement the record with the courtroom log is denied as moot. Although the State does not oppose the motion to supplement—conceding that prospective jurors were interviewed in chambers—Erhart's personal restraint petition is untimely even if he would have been entitled to relief had the claim been timely asserted.