IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | No. 34684-6-III |
| | ) | |
| | ) | |
| | ) | |
| TERRY MICHAEL HOEFLER. | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |

LAWRENCE-BERREY, A.C.J. — Terry Michael Hoefler petitions for relief from

personal restraint resulting from his conviction for attempted rape of a child in the first

degree. He argues the State presented insufficient evidence for a jury to find that he

intended to rape the victim. The State counters that Mr. Hoefler is precluded from raising

a sufficiency of the evidence challenge because he raised a sufficiency of the evidence

challenge on direct review. But because the argument he now raises is different than the

argument he raised on direct review, we determine that Mr. Hoefler is not precluded from

raising it now. We nevertheless reject his sufficiency challenge and dismiss his personal

restraint petition (PRP).

No. 34684-6-III
*In re Pers. Restraint of Hoefler*

## FACTS

The background facts were set forth in Mr. Hoefler's direct appeal, *State v. Hoefler*, 189 Wn. App. 1001, 2015 WL 4506619 (unpublished opinion). We mention some of those facts below so as to address the issue Mr. Hoefler asserts in his PRP.

Mr. Hoefler entered a house late one night to burglarize it. After collecting several items, he entered a bedroom and encountered L.S., an 11-year-old girl, sleeping between her two younger cousins. Mr. Hoefler carried L.S. away from her sleeping cousins into an unoccupied room and set her on a couch. Mr. Hoefler told L.S. to bend down and to be quiet. He then put a plastic bag in her mouth and removed her shorts. L.S. removed the bag from her mouth, screamed, and ran to awaken her aunt. Shaking with fear, she reported, "'There's a guy in the house. He tried doing something to me.'" 1 Report of Proceedings (RP) (Apr. 24-25, 2013) at 61.

Mr. Hoefler fled and sought refuge in a nearby canal. He removed his clothing and put on a short skirt that belonged to the young girl. Law enforcement eventually located Mr. Hoefler. During a showup with L.S., Mr. Hoefler became visibly aroused. In an interview with law enforcement, Mr. Hoefler denied touching the young girl, but said he could have raped her because there were no adults around.

2

A jury heard the evidence and found Mr. Hoefler guilty of attempted first degree rape of a child. The trial court later entered a judgment of conviction and sentenced Mr. Hoefler. He then appealed.

In his direct appeal, Mr. Hoefler argued that the State had failed to prove certain facts alleged in the charging document. We held that the State was not required to prove anything beyond the essential elements, provided the to-convict instruction did not add anything beyond the essential elements. We noted that the to-convict instruction merely set forth the essential elements.

Mr. Hoefler also argued that the State had failed to prove the substantial step element of attempt. We then reviewed the evidence and determined the State had presented sufficient evidence to prove that Mr. Hoefler's acts were a substantial step toward the commission of the charged crime.

Mr. Hoefler timely brought this petition for relief from personal restraint.

A.   THE ISSUE RAISED ON COLLATERAL REVIEW IS A NEW ISSUE

Mr. Hoefler argues that he is unlawfully restrained because the State presented insufficient evidence that he intended to rape L.S. The State challenges Mr. Hoefler's ability to raise this argument on collateral review on the basis that he raised a sufficiency of the evidence argument on direct review.

3

A personal restraint petitioner may not relitigate an issue that was raised and rejected on direct appeal unless relitigation is required in the interests of justice. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013). "[R]eexamination of an issue decided in a prior appeal is limited to cases where an intervening change in the law or some other circumstance justified the failure to raise a crucial argument on appeal." *In re Pers. Restraint of Mines*, 190 Wn. App. 554, 570, 364 P.3d 121 (2015), *review denied*, 186 Wn.2d 1001, 395 P.3d 997 (2016).

Mr. Hoefler cites *In re Personal Restraint of Khan*, 184 Wn.2d 679, 688-89, 363 P.3d 577 (2015) (plurality opinion) to support his argument that he may raise a different argument of evidentiary sufficiency on collateral review than he raised on direct review. There, Zahid Khan argued on collateral review that he was denied effective assistance of counsel because his trial counsel failed to obtain an interpreter for him. *Id.* at 684. The State challenged Mr. Khan's ability to raise that argument on collateral review on the basis that he had raised an ineffective assistance of counsel argument on direct review. *Id.* at 688. In rejecting the State's challenge, *Khan* explained: "But [Mr.] Khan did not argue on direct review that counsel was ineffective for failing to obtain an interpreter; he argued that his counsel was ineffective for failing to object to testimony that his stepdaughter would suffer adverse social consequences for coming forward with her

4

allegations and for failing to object to alleged prosecutorial misconduct." *Id. Khan* determined that the argument before it was sufficiently distinct from the argument on direct review that the former constituted a new issue so that collateral review was proper. *Id.* at 689.

*Khan* is legally indistinguishable. On direct review, Mr. Hoefler argued the evidence was insufficient to establish the substantial step element, he did not argue the evidence was insufficient to establish he intended to rape L.S. Mr. Hoefler's argument here is sufficiently distinct from his argument on direct review that the former constitutes a new issue so that collateral review is proper.

B.    SUFFICIENT EVIDENCE OF INTENT WAS PRESENTED TO THE JURY

In his PRP, Mr. Hoefler argues the evidence was insufficient to show that he intended to commit rape of a child in the first degree. He primarily relies on *State v. Leach*, 36 Wn.2d 641, 647-48, 219 P.2d 972 (1950). He additionally argues that language in *State v. Jackson*, 62 Wn. App. 53, 813 P.2d 156 (1991) is either dicta or is inconsistent with *Leach*. We disagree that *Leach* is controlling and conclude that *Jackson* was correctly decided.

   *1.    Standard of PRP review*

5

Under both the federal and state constitutions, due process requires that the State prove every element of a crime beyond a reasonable doubt. U.S. CONST. amend. XIV; WASH. CONST. art. I, § 3; *State v. Johnson*, 188 Wn.2d 742, 750, 399 P.3d 507 (2017). For a claimed violation of constitutional rights, a petitioner bringing a collateral challenge to a judgment and sentence "must show with a preponderance of the evidence that he or she was actually and substantially prejudiced by a violation of constitutional rights." *Mines*, 190 Wn. App. at 562. For purposes of a collateral challenge, a conviction based on insufficient evidence contravenes the due process clause of the Fourteenth Amendment to the United States Constitution and thus results in an unlawful restraint. *In re Pers. Restraint of Martinez*, 171 Wn.2d 354, 364, 256 P.3d 277 (2011).

In reviewing a claim for insufficient evidence, this court considers "'whether, after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime *beyond a reasonable doubt.*'" *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). This court draws all reasonable inferences from the evidence in favor of the State and interprets the evidence most strongly against the defendant. *State v. Munoz-Rivera*, 190 Wn. App. 870, 882, 361 P.3d 182 (2015).

6

### 2. *Sufficiency of the evidence*

To prove attempted rape of a child in the first degree, the State must establish that, with intent to have sexual intercourse with a child, the defendant took a substantial step toward having sexual intercourse with the child. RCW 9A.28.020(1); RCW 9A.44.073(1); *State v. Chhom*, 128 Wn.2d 739, 743, 911 P.2d 1014 (1996); *State v. Johnson*, 173 Wn.2d 895, 907, 270 P.3d 591 (2012). Criminal intent may be inferred from conduct, and circumstantial evidence is as reliable as direct evidence. *State v. Varga*, 151 Wn.2d 179, 201, 86 P.3d 139 (2004).

### a. Leach *is not controlling*

Mr. Leach, a widower, lived with his 7-year-old daughter and 11-year old son. *Leach*, 36 Wn.2d at 642. He and his daughter sometimes slept in the same bed, with Mr. Leach wearing underwear and his daughter wearing pajamas. *Id.* at 643-44. On one occasion, Mr. Leach came home drunk and shared the bed with his daughter, both clothed in the manner in which they slept. *Id.* He told her that she would have to be the mother and then he rolled on top of her, pressing his private parts into her. *Id.* The State charged Mr. Leach with attempted carnal knowledge, and the jury found Mr. Leach guilty based on the above evidence. *Id.* at 642.

7

*Leach* discussed the standard of review that applied in those days:

> The courts have recognized the principles set forth as a guide to assist them in determining whether or not there has been an attempt to commit a crime. But the cases and authorities are agreed that it is the duty of the courts to consider the facts in each individual case, and determine from them, by a practical and common sense application of these principles, whether or not, in fact, there was an attempt to commit the crime charged.

*Id.* at 647. After reviewing and weighing the evidence, *Leach* concluded that the proof was insufficient to sustain the conviction for attempted carnal knowledge and, at most, was sufficient for the uncharged crime of indecent liberties. *Id.* at 648.

The facts of *Leach* are dissimilar. In *Leach*, the father did not remove his daughter's clothing or place a bag in her mouth to mute her screams. The standard of review in *Leach* also is dissimilar. *Leach* weighed the evidence on review; we do not.

### b. Jackson *was correctly decided*

As mentioned previously, Mr. Hoefler claims that the discussion in *Jackson* concerning intent was dicta and is also inconsistent with *Leach*. We disagree.

In *Jackson*, the defendant challenged the sufficiency of the evidence to support attempted second degree rape and also a jury instruction. *Jackson*, 62 Wn. App. at 55. Mr. Jackson went to the victim's apartment to speak with her mother, but the victim's mother was not there. *Id.* The victim offered to take a message and invited Mr. Jackson inside. *Id.* As he came in, he asked the victim what size of clothes her mother wore, and

8

she went into a bedroom to check. *Id.* The victim noticed Mr. Jackson following her into the bedroom and backed away from him. *Id.* Mr. Jackson approached and cornered her. *Id.* He demanded that she lift her skirt up, and said that he would kill her if she did not. *Id.* The victim refused and backed as far away as possible before beginning to scream. *Id.* Mr. Jackson claimed he was only joking. *Id.* The victim told him to get out, and he left. *Id.*

A jury found Mr. Jackson guilty of attempted second degree rape, and Mr. Jackson appealed. *Jackson* analyzed whether the State had produced sufficient evidence from which a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson* held that the facts were sufficient to prove both intent to have sexual intercourse and that Mr. Jackson took a substantial step toward having intercourse. *Id.* at 57-58. In its holding, *Jackson* emphasized two points. First, there was circumstantial evidence of Mr. Jackson's criminal intent—lying in wait for the victim, enticing the victim to go to the place contemplated for its commission, and unlawful entry of a structure. *Id.* at 58. Second, appellate review of the evidence required the court to give great deference to the jury's findings with respect to intent to rape. *Id.* at 58 n.2.

Despite Mr. Hoefler's contention, *Jackson*'s discussion of the sufficiency of the evidence of intent was not dicta. The discussion was necessary. Had the evidence to

9

convict been insufficient, Mr. Jackson would have been entitled to dismissal of the charge rather than remand for a new trial. *See State v. Hescock*, 98 Wn. App. 600, 611, 989 P.2d 1251 (1999).

*Jackso*n also is distinguishable from *Leach.* Factually, Mr. Leach did not threaten to kill his daughter if she did not pull down her pajamas. Legally, the standard of review in *Leach* did not require the court to give any deference to the jury's findings.

> c.     *The State produced sufficient evidence of Mr. Hoefler's intent to rape L.S.*

Mr. Hoefler relies on two additional cases—*State v. White*, 150 Wn. App. 337, 344-45, 207 P.3d 1278 (2009) and *State v. Maupin*, 63 Wn. App. 887, 892-94, 822 P.2d 355 (1992)—to establish his central claim that the State failed to produce sufficient evidence of his intent to rape L.S.

In *White*, the defendant entered a bedroom, cornered the victim, grabbed her, removed his undergarments, and demanded oral sex multiple times. *White*, 150 Wn. App. at 344-45. That court affirmed Mr. White's conviction and noted that not every step present in that case was necessary to establish intent. *Id.* at 345. Despite Mr. Hoefler's contention, *White* does not require a demand for sexual intercourse to establish intent to rape.

10

In *Maupin*, no undergarments were found on the victim when her body was discovered six months after her kidnapping and killing. *Maupin*, 63 Wn. App. at 890. No witnesses observed the kidnapping or the killing, and forensic science could not establish that a sexual assault had occurred. *Id.* at 891-95. Beyond the missing undergarments, the only evidence linking the victim's death to sexual assault were Mr. Maupin's comments that the girl was pretty and needed a father. *Id.* at 893. *Maupin* determined that the evidence was insufficient to support the felony murder enhancement predicated on rape or attempted rape. *Id.* at 893-94.

Here, by contrast, Mr. Hoefler unlawfully entered a house and found L.S. asleep between her two young cousins. He carried her to an unoccupied room, placed her on a couch, told her to bend over and to be quiet, gagged her with a plastic bag, and then removed her shorts. Mr. Hoefler was visibly aroused hours later at a showup with L.S. These facts are more dispositive of intent to rape than the facts in *Leach* and *Maupin*. With respect to *Leach*, Mr. Leach did not remove his daughter's pajamas and gag her. With respect to *Maupin*, there was no evidence Mr. Maupin was impeded from raping the victim. If his goal was to have sexual intercourse with the victim, he could have had intercourse with her before killing her. But he did not. Here, Mr. Hoefler was impeded

11

No. 34684-6-III
*In re Pers. Restraint of Hoefler*

from raping L.S. when she removed the plastic bag from her mouth, screamed, and ran to her aunt's room.

We conclude that the State presented sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that Mr. Hoefler intended to rape L.S. We, therefore, dismiss his PRP.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, A.C.J.

I CONCUR:

Pennell, J.

12

No. 34684-6-III

KORSMO, J. (concurring) — Although the majority correctly dismisses this petition for lack of merit, I only concur in the result because we should not have considered the claim in the first instance. The majority's reading of the plurality opinion in *In re Personal Restraint of Khan*, 184 Wn.2d 679, 363 P.3d 577 (2015), completely obliterates the ban on repetitive arguments. Since Mr. Hoefler did not establish that the interests of justice required us to again consider his argument, I would dismiss this petition without addressing the merits of the claim.

We agree on the governing law. "The petitioner in a personal restraint petition is prohibited from renewing an issue that was raised and rejected on direct appeal unless the interests of justice require relitigation of that issue." *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 671-672, 101 P.3d 1 (2004) (footnotes omitted). The interests of justice are served by reconsidering a ground for relief if there has been "an intervening change in the law 'or some other justification for having failed to raise a crucial point or argument in the prior application.'" *In re Pers. Restraint of Stenson*, 142 Wn.2d 710, 720, 16 P.3d 1 (2001) (internal quotation marks omitted) (quoting *In re Pers. Restraint of Gentry*, 137 Wn.2d 378, 388, 972 P.2d 1250 (1999)). A petitioner may not avoid this requirement "merely by supporting a previous ground for relief with different factual allegations or

with different legal arguments." *Davis*, 152 Wn.2d at 671; *accord In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013) (change in law or some other circumstance necessary to justify renewed consideration); *In re Pers. Restraint of Mines*, 190 Wn. App. 554, 570, 364 P.3d 121 (2015), *review denied*, 186 Wn.2d 1001 (2016) (same).

Despite our agreement on the governing standards, the majority fails to apply them, relying merely on Mr. Hoefler's citation, via statement of additional authorities, to *Khan*. This is very curious in several respects. First, Mr. Hoefler makes no argument in his briefing to suggest why his claim should be reviewed due to an intervening change in the law (clearly there is none) or some other circumstance. Second, *Khan* is not controlling. It is a plurality opinion of four justices; the other five justices do not even discuss this standard of review issue. The lead opinion merely notes a death penalty case where it once permitted a new variation on an ineffective assistance claim in a collateral attack despite having raised the issue in a direct appeal. 184 Wn.2d at 689. It never purported to overrule *Yates*, *Davis*, or *Stenson*. This court has no ability to ignore the governing case law merely because the issue was only mentioned in passing in a later opinion. Third, *Khan* is clearly distinguishable. Ineffective assistance was merely the vehicle by which distinctly different substantive issues were raised on appeal and in a personal restraint petition. They were the same issue in name only. That is unlike this case.

2

No. 34684-6-III
*In re Pers. Restraint of Hoefler*— concur

Mr. Hoefler has identified no circumstances justifying reconsidering his sufficiency claim. The majority's decision to allow this is particularly pernicious in light of the fact that insufficient evidence is one of the statutory exceptions to the time bar statute, RCW 10.73.100(4). Under the majority's approach, a petitioner could keep repeating his insufficiency of the evidence argument for decades without having to provide any justification for re-raising the claim. The doctrine of res judicata is simply tossed out the door.

Since Mr. Hoefler has not even bothered explaining what change in circumstances justifies our review of this issue yet again, and the record provides no obvious reason for doing so, I would not engage in this discussion one more time. A case from the Truman era is not a change in circumstances. This petition should be dismissed for failure to justify reconsideration of this claim.

_____
Korsmo, J.

3