# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 85683-9-I |
| KENNETH ARONSON | DIVISION ONE |
| | UNPUBLISHED OPINION |

BIRK, J. — In his personal restraint petition, Kenneth Aronson challenges his conviction of first degree rape of a child and aggravated first degree child molestation, contending that the State failed to present evidence sufficient to prove beyond a reasonable doubt that (1) Aronson penetrated A.S., (2) Aronson touched A.S. for the purpose of sexual gratification, and (3) the crime of first degree child molestation was part of an ongoing pattern of sexual abuse of A.S. Because Aronson's petition is untimely, we dismiss the petition.

I

The State presented the following evidence at the trial relevant to Aronson's sufficiency of the evidence challenge.

Aronson was in a relationship with Barbara Avant from about 2006 to November 2011. In mid-2008, Avant moved into Aronson's house in Hoquiam, Washington. Avant had a daughter, A.S., who was between the ages of six and 11 while Avant and Aronson were in a relationship. A.S. lived most of the time with

her father, but frequently came to visit Avant at Aronson's residence. When Avant had to work, Aronson would take care of A.S.

A.S. testified that when she was in kindergarten, Aronson "started having me watch porn with him and then he would pull out his penis and ask me to touch it. And sometimes he would try to get me to give him oral sex." A.S. remembered multiples times where Aronson forced her to give him a "hand-job" until he ejaculated. When Aronson had A.S. touch his penis, "it would either be in his living room, his closet next to his safe, and his garage, and his little karaoke area, or in his bed sometimes." A.S. further stated that when she was in first or second grade, she and Aronson were watching porn in his bedroom when "he had me pull down [my pants] and he licked my vagina." Once A.S. started going through puberty, Aronson paid A.S. to pull down her pants and show him her pubic hairs. The alleged abuse began when A.S. was five and ended when she was 11.

In November 2014, A.S., then 14 years old, told Avant that Aronson had sexually abused her during the time Avant and Aronson lived together. Avant contacted police, who began an investigation. A.S. was taken to a sexual assault clinic at Providence St. Peter's Hospital and was examined by nurse practitioner Judith Presson. A.S. disclosed to Presson that when she was seven, Aronson put his mouth on her vagina and told her " 'he needed that.' "

The State charged Aronson with first degree rape of a child and first degree child molestation, both with an aggravator of prolonged abuse. The jury found Aronson guilty as charged. Aronson appealed and this court affirmed the conviction in May 2020. See State v. Aronson, No. 51958-5-II (Wash. Ct. App.

2

May 12, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2051958-5-II%20Unpublished%20Opinion.pdf. We issued our mandate on October 20, 2020. Almost three years later, on March 24, 2023, Aronson filed this petition for relief from personal restraint.

II

Aronson contends that his petition is timely and that relief is warranted because there was insufficient evidence to support his conviction. RCW 10.73.090 bars personal restraint petitions filed more than one year after a judgment becomes final, where a judgment is valid on its face and rendered by a court of competent jurisdiction. However, the time bar does not apply if the petitioner pleaded not guilty and the evidence was insufficient to support a conviction. RCW 10.73.100(4). Aronson's petition is time barred unless the evidence was insufficient to support a conviction.

To obtain collateral relief by means of a personal restraint petition, a petitioner must demonstrate unlawful restraint. RAP 16.4(a). Under both the federal and state constitutions, due process requires that the State prove every element of a crime beyond a reasonable doubt. State v. Johnson, 188 Wn.2d 742, 750, 399 P.3d 507 (2017). For a claimed violation of constitutional rights, a petitioner bringing a collateral challenge to a judgment and sentence "must show with a preponderance of the evidence that he or she was actually and substantially prejudiced by a violation of constitutional rights." In re Pers. Restraint of Mines, 190 Wn. App. 554, 562, 364 P.3d 121 (2015). A conviction based on insufficient

evidence contravenes the due process clause of the Fourteenth Amendment. Jackson v. Virginia, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

In reviewing a claim for insufficient evidence, this court considers " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime *beyond a reasonable doubt.*' " State v. Green, 94 Wn.2d 216, 221, 616 P.2d 628 (1980), overruled on other grounds by Washington v. Recuenco, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006) (quoting Jackson, 443 U.S. at 319). In a sufficiency of the evidence claim, the defendant admits the truth of the State's evidence and all inferences that reasonably can be drawn from that evidence. State v. Colquitt, 133 Wn. App. 789, 796, 137 P.3d 892 (2006). Sufficiency of the evidence is a question of constitutional law that we review de novo. State v. Rich, 184 Wn.2d 897, 903, 365 P.3d 746 (2016).

A

Aronson argues there is insufficient evidence to support his conviction for child rape in the first degree because the State failed to demonstrate penetration. We disagree.

To convict Aronson of first degree rape of a child, the State had to prove beyond a reasonable doubt that (1) between October 24, 2006 and December 31, 2011, Aronson engaged in sexual intercourse with A.S., (2) A.S. was less than 12 years old at the time of the sexual intercourse and was not married to Aronson, (3) A.S. was at least 24 months younger than Aronson, and (4) the act occurred in Washington. "Sexual intercourse" includes, in addition to intercourse based on

4

penetration, "any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another, whether such persons are of the same or opposite sex." RCW 9A.44.010(14)(c).

A.S. testified that when she was in first or second grade, she was watching porn with Aronson in his bedroom when Aronson licked her vagina. Presson testified that A.S. disclosed to her that when A.S. was seven, Aronson put his mouth on her vagina. The State presented sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that Aronson engaged in sexual intercourse with A.S.

B

Aronson argues there is insufficient evidence to support his conviction for child molestation because the State failed to prove beyond a reasonable doubt that Aronson touched A.S. for purpose of sexual gratification. We disagree.

To convict Aronson of first degree child molestation, the State had to prove beyond a reasonable doubt that (1) between October 24, 2006 and December 31, 2011, Aronson had sexual contact with A.S., (2) A.S. was less than 12 years old at the time of the sexual contact and was not married to Aronson, (3) A.S. was at least 36 months younger than Aronson, and (4) the act occurred in Washington. RCW 9A.44.083(1). "Sexual contact" is "any touching of the sexual or intimate parts of a person done for the purpose of gratifying sexual desires from either party." RCW 9A.44.010(13). However, " 'Sexual gratification' is not an essential element of the crime of first degree child molestation but a definitional term that clarifies the meaning of the essential element, 'sexual contact.' " State v. Lorenz,

152 Wn.2d 22, 36, 93 P.3d 133 (2004). The definition serves to exclude inadvertent touching or contact from being a crime. Id. at 34.

A.S. testified that she was near the end of kindergarten when she first touched Aronson's penis, and the last time she touched him was in fifth grade. A rational trier of fact could have found beyond a reasonable doubt that Aronson had sexual contact with A.S.

C

Aronson argues the State failed to prove the aggravating factor for first degree child molestation beyond a reasonable doubt. To support the aggravator the State had to prove the crime was part of an ongoing pattern of sexual abuse of the same victim under the age of 18 years manifested by multiple incidents over a prolonged period of time. A.S. testified she gave Aronson "hand jobs" starting at age five or six and ending when she was 11. Furthermore, she testified it would occur once or twice a month. This evidence is sufficient to support an affirmative finding of the aggravator.

Because the State provided sufficient evidence to prove each count beyond a reasonable doubt, Aronson's personal restraint petition does not meet an exception to RCW 10.73.090 and is untimely. Therefore, we dismiss the petition.

Birk, J.

WE CONCUR:

Feldman, J.

Dwyer, J.