211 P.3d 1055 (2009)
Personal Restraint Petition of Aaron Michael DAVIS, Petitioner.
No. 35706-2-II.
Court of Appeals of Washington, Division 2.
July 21, 2009.
*1056 Sheri Lynn Arnold, Attorney at Law, Tacoma, WA, Reed Manley Benjamin Speir, Attorney at Law, University Place, WA, for Petitioner.
Alicia Marie Burton, Michelle Luna-Green, Pierce County Prosecutor's Office, Tacoma, WA, for Respondent.

PUBLISHED IN PART OPINION
QUINN-BRINTNALL, J.
¶ 1 In his personal restraint petition (PRP), Aaron Michael Davis seeks relief from his 2004 convictions for first degree assault, first degree unlawful possession of a firearm, unlawful imprisonment, and violation of a protection order. He argues that his trial and appellate counsel's representation was constitutionally deficient, cumulative errors denied him his right to a fair jury trial, and his sentence is inaccurate.
¶ 2 Davis asserts that his trial counsel's representation was constitutionally deficient because he (1) failed to investigate the size of the knife Davis used to stab Lana McCorrister, (2) failed to move to suppress the gun seized following a consensual search of his sister's home, (3) failed to move to dismiss the possession of a firearm charge at the close of the State's case, (4) offered an improper self-defense instruction, (5) failed to object to the State's first aggressor instruction, and (6) failed to request a sentence below the standard range. Davis also asserts that his initial appellate counsel's representation was constitutionally deficient for failing to challenge the sufficiency of the evidence supporting his convictions and failing to raise an ineffective assistance of trial counsel issue based on trial counsel's failure to challenge the improper self-defense jury instruction. Davis fails to establish actual and substantial prejudice from any of these alleged errors, and we deny his PRP.

FACTS[1]
¶ 3 Following a 2004 trial, a Washington jury found Davis guilty of unlawful imprisonment, first degree assault, and unlawful possession of a firearm in connection with the stabbing of his long-time girl friend, Lana McCorrister. He filed an unsuccessful direct appeal, followed by an untimely petition for review to our Supreme Court. Davis is currently housed at a privately-run facility in Florence, Arizona. He filed this PRP seeking release from his 300-month sentence.
¶ 4 Despite the protection order prohibiting Davis from contacting McCorrister, in September 2003, Davis and McCorrister lived together in Spanaway, Washington. On the morning of September 28, 2003, the two argued over whether they would go to Rick Lovitt's house to retrieve one of Davis's cars. McCorrister testified that when she refused to go with Davis to Lovitt's house, Davis *1057 forced her into his truck at gunpoint.[2] When McCorrister attempted to escape from the moving vehicle, he threatened her with a four-inch-long hunting knife.
¶ 5 Davis and McCorrister went to Lovitt's house where Davis began yelling at Lovitt. McCorrister reached into her purse for a can of pepper spray and pointed it at Davis, who then stabbed her in the arm with his hunting knife, breaking her arm.[3] Davis began to drive away in the truck with McCorrister, but McCorrister leapt out of the vehicle and onto the pavement, injuring herself severely.
¶ 6 Lovitt brought McCorrister to local authorities, who took her to Tacoma General Hospital. Her physician treated her for the knife wound, a torn palm muscle, lacerations, a black eye, a swollen foot, bruises, and a split scalp.
¶ 7 The Pierce County Prosecuting Attorney's office charged Davis with first degree kidnapping, first degree assault, violation of a protection order, and first degree unlawful possession of a firearm.[4]
¶ 8 Davis asserted a self-defense claim, but his trial counsel did not move to dismiss the charge of unlawful possession of a firearm for want of sufficient evidence at the close of the State's case. Instead, Davis's counsel offered an "act on appearances" self-defense jury instruction. This instruction applies self-defense to situations where the defendant believes himself in danger of "great bodily harm." The State offered the jury a first aggressor instruction to which Davis's counsel did not object. The jury convicted Davis of the lesser-included offense of unlawful imprisonment, first degree assault, and first degree unlawful possession of a firearm.
¶ 9 At sentencing, Davis's counsel recommended a sentence at the bottom of the standard range. The sentencing court calculated Davis's offender score at 5 for unlawful imprisonment, 6 for first degree assault, and 5 for first degree unlawful possession of a firearm. The court imposed a 300-month sentence, with the domestic violence and firearm enhancements running consecutively, and suspended the sentence of one year for the violation of the protection order conviction.
¶ 10 On direct appeal, Davis's counsel challenged the admission of evidence of injuries sustained by McCorrister when she fell out of the vehicle; and testimonial statements given to the police by a witness. In a statement of additional grounds (SAG)[5] in the direct appeal, Davis challenged the trial court's refusal to grant a mistrial after two jurors supposedly overheard a conversation between McCorrister and the victim advocate and argued that his trial counsel was ineffective for not calling unnamed witnesses, not calling Lovitt to impeach his statements to police with evidence that he was manufacturing methamphetamine on the day of the stabbing, and not calling a named witness to refute statements he had given to police about seeing Davis with a gun after the stabbing. Davis also argued that the prosecutor committed misconduct during closing argument, that McCorrister's testimony was not credible, and that he should not have been found guilty of violating a protection order because he and McCorrister were often together.
¶ 11 In this PRP, Davis complains that his appellate counsel on direct appeal failed to challenge the sufficiency of the evidence supporting the jury's verdicts on appeal. We issued our mandate on Davis's direct appeal on March 13, 2006. He filed his initial PRP on December 12, 2006. He filed an amended PRP on March 3, 2008.[6] In an untimely *1058 amended petition, Davis attempts to argue that his appellate counsel's representation was constitutionally deficient for not challenging trial counsel's effectiveness for failing to assign error to the "act on appearances" self-defense instruction. He renews his claim that his trial counsel's representation was constitutionally deficient and argues that he is entitled to have us review this claim under the ineffective assistance of counsel standard appropriate for direct review.
¶ 12 In the published portion of this opinion, we address the timeliness of Davis's second ineffective assistance of appellate counsel claim and the appropriate standard of review of issues timely raised in his initial petition. Applying this standard to the remaining issues timely raised, we hold that Davis has not demonstrated actual and substantial prejudice and deny his PRP.

ANALYSIS

Time Bar
¶ 13 We first address whether Davis timely filed his petition and amended petition. Although Davis filed a timely petition, we hold that the issues contained in his amended petition are time barred.
¶ 14 Under RCW 10.73.090(1), "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." If more than one year has elapsed, we cannot review petitioner's claims unless he shows that either (1) the time bar does not apply because his judgment and sentence is facially invalid or was not rendered by a court of competent jurisdiction or (2) one or more of the six exceptions to the time bar enumerated in RCW 10.73.100 applies.
¶ 15 Here, we issued a mandate on Davis's direct appeal on March 13, 2006. See RCW 10.73.090(3)(b) (time bar runs from issuance of mandate, if last triggering event). Davis timely filed his original petition on December 12, 2006. In that petition, he asserted that his appellate counsel was ineffective for failing to challenge the sufficiency of evidence, but he did not argue that appellate counsel was ineffective for failing to challenge his trial counsel's representation on his direct appeal. He did not raise this ineffective appellate counsel argument until he filed an amended PRP on March 3, 2008, nearly two years after the one-year deadline under RCW 10.73.090.
¶ 16 In In re Bonds, our Supreme Court held that the principles of finality of judgments and time limitations the legislature imposed in RCW 10.73.090 precluded consideration of arguments presented in an untimely amended petition. 165 Wash.2d at 143-44, 196 P.3d 672. The court explained, "[t]hough the appellate rules do not expressly authorize or prohibit amendment to PRPs, we have accepted amendments to a PRP made within the statutory time limit." In re Bonds, 165 Wash.2d at 140, 196 P.3d 672. Relying on In re Personal Restraint of Benn, 134 Wash.2d 868, 952 P.2d 116 (1998), the Bonds court defined RCW 10.73.090 as a statute of limitations, rather than a jurisdictional bar. 165 Wash.2d at 140, 196 P.3d 672 (citing Benn, 134 Wash.2d at 938-39, 952 P.2d 116). The court went on to note that although Bonds had no counsel at the time he filed his PRP and therefore missed the public trial issue, "we require a pro se petitioner to comply with applicable rules and statutes and hold them to the same responsibility as an attorney." Bonds, 165 Wash.2d at 143, 196 P.3d 672.
¶ 17 Here, Davis's situation is similar to that analyzed in Bonds. Davis had no assigned counsel when he filed his PRP and he did not assign error to an issue he raised in a later amended PRP. See In re Bonds, 165 Wash.2d at 138-39, 143, 196 P.3d 672 (holding "there is no constitutional right to counsel in post-conviction collateral attacks"). Thus, we follow In re Bonds and decline to address Davis's argument regarding the ineffective assistance of appellate counsel claim based on appellate counsel's alleged failure to assign error to trial counsel's assistance that he raised in his untimely amended PRP. See 165 Wash.2d at 139-44, 196 P.3d 672. Davis *1059 raised no potential exceptions or exemptions to this time bar.

Ineffective Assistance of Counsel Standard of Review
¶ 18 The United States and Washington State Constitutions guarantee a defendant the right to effective assistance of counsel in criminal trials. U.S. Const. amend. VI; Wash. Const. art. I, § 22; Strickland v. Washington, 466 U.S. 668, 684-86, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
¶ 19 On direct review, an appellant must show that "(1) defense counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness based on consideration of all the circumstances; and (2) defense counsel's deficient representation prejudiced the defendant, i.e., there is a reasonable probability that, except for counsel's unprofessional errors, the result of the proceeding would have been different." State v. McFarland, 127 Wash.2d 322, 334-35, 899 P.2d 1251 (1995) (citing State v. Thomas, 109 Wash.2d 222, 225-26, 743 P.2d 816 (1987)). In making such a showing, the appellant must overcome a strong presumption that his counsel's performance was not deficient. State v. Reichenbach, 153 Wash.2d 126, 130, 101 P.3d 80 (2004).
¶ 20 In a PRP, a petitioner claiming ineffective assistance of appellate counsel for failing to raise a constitutional error or fundamental defect at trial must show that he was actually and substantially prejudiced by the error and that the legal issue, here ineffective assistance of Davis's trial counsel, has merit. In re Pers. Restraint of Dalluge, 152 Wash.2d 772, 777, 100 P.3d 279 (2004). By claiming ineffective assistance of appellate, as well as trial, counsel, Davis seeks to lower the standard of prejudice in a collateral attack necessary to prove that his trial counsel provided constitutionally deficient assistance. We hold that to prevail in this PRP, Davis must prove that he was actually and substantially prejudiced by his trial counsel's representation. This holding is consistent with the standard applied by our Supreme Court for many years. In re Pers. Restraint of Davis, 142 Wash.2d 165, 171, 12 P.3d 603 (2000); In re Benn, 134 Wash.2d 868, 952 P.2d 116. In light of his and his appellate counsel's full and competent exercise of Davis's direct appeal rights, Davis's attempt to circumvent the "actual and substantial prejudice standard" applicable to errors asserted via collateral attack by also asserting an ineffective assistance of appellate counsel argument is unpersuasive.
¶ 21 Accordingly, we apply the actual and substantial prejudice standard to the claims raised in the timely filed portion of Davis's petition.
¶ 22 We deny Davis's PRP.
¶ 23 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
We concur: BRIDGEWATER, J. and VAN DEREN, C.J.
NOTES
[1] The facts of this case are also set out in our unpublished opinion from Davis's direct appeal. State v. Davis, noted at 130 Wash.App. 1003, 2005 WL 2651254 (2005).
[2] When police later searched the home and property belonging to Davis's sister, Tarah Davis, they discovered a handgun that they suspected Davis had previously carried.
[3] At trial, the parties disputed the exact order and nature of the knife attack. The defense argues that McCorrister actually sprayed Davis and the State argues that she attempted to spray him.
[4] Davis's counsel did not move to suppress the evidence of the gun that police discovered at Tarah Davis's home.
[5] RAP 10.10.
[6] Although Davis did not move to amend his PRP, his opening brief serves as an amended PRP because it adds a claim never raised in his PRP. See In re Pers. Restraint of Bonds, 165 Wash.2d 135, 196 P.3d 672 (2008). Thus, to the extent that we discuss this new claim, we refer to his opening brief as an amended PRP.