

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE MAY 1 1 2017
Fairhurst, CJ
CHIEF JUSTICE

This opinion was filed for record
at 8:00 am on May 11, 2017

for SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | No. 92698-1 |
| | ) | |
| MICHAEL LOUIS RHEM, | ) | En Banc |
| | ) | |
| Petitioner. | ) | |
| | ) | Filed  MAY 1 1 2017 |

JOHNSON, J.—This case involves a constitutional public trial closure claim where the central issue is procedurally whether Michael Rhem adequately raised an ineffective assistance of appellate counsel claim by including in his pro se reply brief, "Rhem would also request that this Court consider sua [s]ponte the ineffective appellate argument that the State broaches in their response. Or allow additional briefing." Reply Br. of Pet'r at 7; U.S. CONST. amend. VI. The Court of Appeals determined, among other things, that (1) Rhem did not adequately raise an ineffective assistance of *appellate* counsel claim, (2) he did not demonstrate actual and substantial prejudice in supporting his claim of a violation of the right to a public trial, and (3) he did not timely raise a federal public trial right violation. *In re Pers. Restraint of Rhem*, No. 35195-1-II (Wash. Ct. App. Dec. 22, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/35195-1.15.pdf, *review granted*, 186 Wn.2d 1017, 383 P.3d 1028 (2016). We affirm.

FACTS AND PROCEDURAL HISTORY

In 2000, a jury acquitted Rhem and an accomplice, Kimothy Wynn, of drive-by shooting and convicted them of two counts of first degree assault with firearm sentence enhancements and first degree unlawful possession of a firearm. The Court of Appeals reversed due to prejudicially defective jury instructions. Rhem and Wynn were retried on two counts of first degree assault and one count of first degree unlawful possession of a firearm. The trial court closed the courtroom to spectators during jury selection; this included members of Rhem's family. The jury convicted Rhem and Wynn. Division Two of the Court of Appeals affirmed the convictions and sentences on direct appeal. No public trial closure issue was raised in the appeal. The appeal mandated on February 9, 2006.

On July 21, 2006, Rhem, acting pro se, timely filed a personal restraint petition (PRP) in the Court of Appeals. Rhem raised claims that his right to a public trial was violated, that defense counsel was ineffective in failing to propose proper instructions, and that his right to confrontation was violated. If the court found for Rhem on any of those claims, he argued, the court should determine whether he was denied effective assistance of *trial* counsel under the Sixth Amendment to the United States Constitution. The State disputed the courtroom closure allegation and further argued that since Rhem did not raise an issue that appellate counsel was ineffective, he could not demonstrate prejudice. Rhem filed

2

a reply arguing that the courtroom was closed and that the closure is structural error, thus, he does not need to demonstrate prejudice. Rhem then stated in conclusion, "Rhem would also request that this Court consider sua [s]ponte the ineffective appellate argument that the State broaches in their response. Or allow additional briefing." Reply Br. of Pet'r at 7.

In 2008, the Court of Appeals appointed Jeffrey Ellis to represent Rhem. From 2008 to 2013, the case was stayed numerous times and the Court of Appeals asked for supplemental briefing regarding a number of public trial right cases decided during that time.

In October 2013, the Court of Appeals remanded the case to the superior court for a reference hearing on the public trial issue with directions to make findings of facts and conclusions of law as to the following issues: (1) whether and to what extent the trial court closed the courtroom to the public during voir dire, (2) whether petitioner's family members were excluded, (3) whether petitioner requested or objected to the closure, (4) whether the trial court examined the *Bone-Club*[1] factors before ordering the closure, (5) the duration of the closure, and (6) if there was a closure, whether the closure resulted in actual and substantial prejudice to the outcome of Rhem's trial. *Rhem*, slip op. at 10. After taking testimony at the reference

---

[1] *State v. Bone-Club*, 128 Wn.2d 254, 906 P.2d 325 (1995).

3

hearing, the superior court made the following findings and conclusions: (1) the courtroom was effectively closed during all or most of jury selection, (2) Rhem's family members and other members of the public were excluded from the courtroom, (3) counsel neither requested nor objected to the closure, (4) the trial court did not conduct a *Bone-Club* analysis before closing the courtroom, and (5) there was no evidence of actual and substantial prejudice to Rhem's trial. *Rhem*, slip op. at 10.

The Court of Appeals then directed the parties to file supplemental briefing on the impact, if any, of *In re Personal Restraint of Speight*, 182 Wn.2d 103, 340 P.3d 207 (2014) (plurality opinion), and *In re Personal Restraint of Coggin*, 182 Wn.2d 115, 340 P.3d 810 (2014) (plurality opinion). After briefs were submitted, the court denied Rhem's petition on all issues. The Court of Appeals determined, among other things, that (1) Rhem did not raise an ineffective assistance of appellate counsel claim, (2) he did not demonstrate actual and substantial prejudice for the violation of his right to a public trial, and (3) he did not timely raise a federal public trial rights violation. We granted review on the public trial issues only. Both parties filed supplemental briefing.[2]

---

[2] On December 29, 2016, the State filed a motion to strike petitioner's supplemental brief because it raised a new claim. The State argued that Rhem failed to raise a claim of ineffective assistance of appellate counsel in his initial petition and did not timely amend his petition. Also, the State argued Rhem failed to comply with RAP 13.7 and 17.3—his motion for discretionary review did not have a concise statement of the issues or supporting argument. The State's motion to strike was passed to the merits. Given our resolution of the issues, we deny the State's motion to strike.

ANALYSIS

The central issue in this case is whether procedurally Rhem adequately raised an ineffective assistance of appellate counsel claim where he provided in his reply brief, "Rhem would also request that this Court consider sua [s]ponte the ineffective appellate argument that the State broaches in their response. Or allow additional briefing." Reply Br. of Pet'r at 7. Rhem argues the claim was timely and adequately raised because his statement constituted an amendment to his PRP and it was made within the one-year time limit for collateral attack. If Rhem demonstrates he adequately raised this claim, no dispute exists that he would be entitled to relief. *In re Pers. Restraint of Orange*, 152 Wn.2d 795, 814, 100 P.3d 291 (2004) (finding prejudice when appellate counsel failed to raise a public trial violation since the error would have been presumptively prejudicial on direct appeal); *see also In re Pers. Restraint of Morris*, 176 Wn.2d 157, 166, 288 P.3d 1140 (2012) (plurality opinion).

In Rhem's PRP filed in the Court of Appeals, he claimed that his right to a public trial was violated, that defense counsel was ineffective in failing to propose proper instructions, and that his right to confrontation was violated. U.S. CONST. amend. VI. If the court found for Rhem on any of those claims, he argued, the court should determine whether he was denied effective assistance of *trial* counsel under the Sixth Amendment.

Under the rules, a petitioner can amend an initial PRP and raise new grounds for relief, without requesting a formal amendment, as long as the brief is timely filed and the new issue is adequately raised. *See* RAP 16.8(e); RAP 12.1(a); RAP 16.7(a)(2); *In re Pers. Restraint of Davis*, 151 Wn. App. 331, 335 n.6, 211 P.3d 1055 (2009) ("Although Davis did not move to amend his PRP, his opening brief serves as an amended PRP because it adds a claim never raised in his PRP."). Here, there is no dispute that Rhem's reply brief was filed within the one-year time limit for collateral attack; thus, we focus our analysis on whether the issue was adequately raised.

First, we have generally held that we will not review an issue that was raised and argued for the first time in a reply brief. *In re Marriage of Sacco*, 114 Wn.2d 1, 5, 784 P.2d 1266 (1990) (citing RAP 10.3(c)). Here, Rhem's ineffective assistance of appellate counsel claim was raised, if raised at all, for the first time in his pro se reply brief and made without supporting argument. Under this analysis, the statement does not properly raise the issue.

Second, even if we were to look past our precedent regarding raising new issues in a reply brief, a claim must still be adequately supported. Under our rules, an "appellate court will decide a case only on the basis of issues set forth by the parties in their briefs." RAP 12.1(a). A petition should set forth "[a] statement of (i) the facts upon which the claim of unlawful restraint of petitioner is based and

the evidence available to support the factual allegations, and (ii) why the petitioner[']s restraint is unlawful for one or more of the reasons specified in rule 16.4(c)." RAP 16.7(a)(2). The PRP must contain more than a conclusory allegation or merely a claim in broad general terms. *See In re Pers. Restraint of Williams*, 111 Wn.2d 353, 364-65, 759 P.2d 436 (1988). Here, because Rhem's ineffective assistance of appellate counsel claim was not supported by argument,[3] he has failed to comply with the rules.

Despite the noncompliance with our procedural requirements, Rhem urges us to "liberally" construe his statement because he was a pro se petitioner. Mot. for Discr. Review at 5. He relies on federal case law to support a more relaxed pleading standard. However, in our cases, we have established a stricter approach that pro se petitioners must comply with applicable rules and statutes and, importantly, we hold them to the same standard as an attorney. *In re Pers. Restraint of Bonds*, 165 Wn.2d 135, 143, 196 P.3d 672 (2008) (plurality opinion).

---

[3] The next time Rhem mentioned an ineffective assistance of counsel claim was in his surreply regarding *Coggin* and *Speight* in 2015—almost eight years after his initial PRP. There, he says that his case is "nearly a carbon copy of *Orange*." Pet'r's Surreply at 4. He further expands this statement in a footnote saying, "In his pro se *Reply*, Mr. Rhem asked this Court to fully apply *Orange* and consider 'the ineffective assistance claim' that flows from *Orange*, and which was identified by the State in its response." Pet'r's Surreply at 4 n.1. However, in Rhem's pro se reply, there was no argument that we should fully apply *Orange*. Instead, there was one sentence in the conclusion of his reply brief that asked the court to review the issue sua sponte.

Appellate courts should not be placed in a role of crafting issues for the parties; thus, mere "'naked castings into the constitutional sea are not sufficient to command judicial consideration and discussion.'" *Williams*, 111 Wn.2d at 365 (internal quotation marks omitted) (quoting *In re Rosier*, 105 Wn.2d 606, 616, 717 P.2d 1353 (1986)). Although this result seems harsh, our prior cases have dealt with the requirements regarding timely raising issues in a PRP. In *Bonds*, the defendant timely filed a PRP asserting a violation of his confrontation rights and arguing ineffective assistance of counsel. The State filed a reply. The acting chief judge did not rule on Bonds's petition or appoint counsel until a few days before the one-year time bar had passed. Bonds's counsel then moved to amend the PRP, adding a public trial right violation. We determined that Bonds's public trial right violation was time barred and that, in these cases, "the issues generally are limited to those raised in the petition and . . . nothing prevented Bonds from timely asserting the public trial issue himself." *Bonds*, 165 Wn.2d at 143. Although the Court of Appeals failed to appoint counsel until a few days before the one-year time bar, we still held Bonds to the same standard as an attorney. Similarly here, counsel was not appointed until after the one-year time bar, and Rhem could have raised the issue and, in fact, did adequately raise other issues he sought relief under. Thus, we agree with the Court of Appeals and hold that Rhem failed to raise an ineffective assistance of appellate counsel claim, and affirm.

Rhem asserts other arguments regarding the violation of his right to a public trial. He argues that the Court of Appeals erred when it (1) applied the actual and substantial prejudice standard and (2) failed to consider, as prejudice, the facts that his family could not participate in the jury selection process, and that prospective jurors could see that his family was not participating.[4]

We have recently held that where a public trial violation is raised for the first time in a PRP, actual and substantial prejudice must be shown.[5] *Coggin*, 182 Wn.2d at 120; *Speight*, 182 Wn.2d at 107. The exception, discussed above, is when the public trial right violation is raised through an ineffective assistance of appellate counsel claim, where prejudice is presumed. Since we decide Rhem has not raised an ineffectiveness of appellate counsel claim, under those cases, Rhem must demonstrate actual and substantial prejudice in order to obtain relief.

---

[4] Rhem also argued a public trial claim under the federal constitution. The Court of Appeals accurately determined that Rhem's federal claim is untimely because it was not raised within the one-year time limit for collateral attack.

[5] *Coggin* was a plurality decision with then Chief Justice Madsen writing a concurring opinion agreeing that prejudice must be shown in a PRP where there is a public trial rights violation and the error was not invited. She stated, "Nevertheless, because guidance is needed I would agree with the majority that the error here, failure to engage in the analysis outlined in *State v. Bone-Club*, 128 Wn.2d 254, 906 P.2d 325 (1995), requires a petitioner in a personal restraint petition to prove prejudice unless he can demonstrate that the error in his case 'infect[ed] the entire trial process' and deprive the defendant of 'basic protections,' without which 'no criminal punishment may be regarded as fundamentally fair.'" *Coggin*, 182 Wn.2d at 123 (Madsen, C.J., concurring) (alteration in original) (internal quotation marks omitted) (quoting *Neder v. United States*, 527 U.S. 1, 8-9, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999)).

The Court of Appeals below correctly relied on the trial court findings from the reference hearing that Rhem presented no evidence of actual and substantial prejudice, nor did he challenge the trial court's reference hearing finding on this point. Rhem argues in a supplemental brief a slightly different theory that prejudice was shown because his family, who was excluded, could not participate in the jury selection process, and prospective jurors could see that his family was not participating. This assertion is insufficient to overturn the finding by the trial court.

Even if we were to consider Rhem's arguments, Rhem fails to show the courtroom closure caused him actual and substantial prejudice. Rhem analogizes the facts of his case to *Orange*. Although Rhem's family was similarly excluded from voir dire, *Orange* involved a different issue and dealt with a public trial violation that was properly raised through an ineffective assistance of *appellate* counsel claim. The court did not find that the exclusion of Orange's family was evidence of prejudice. Thus, *Orange* does not support Rhem's argument.

We affirm the Court of Appeals' decision and hold that (1) Rhem did not raise an ineffective assistance of appellate counsel claim and (2) Rhem has not demonstrated actual and substantial prejudice to warrant reversal of his other

*In re Pers. Restraint of Rhem*, No. 92698-1

public trial right claims.

_____

WE CONCUR:

_____  _____
Wiggins, J.

_____  _____
Madsen, J.

_____  _____
González, J.

_____  _____
Yu, J.

11

No. 92698-1

OWENS, J. (dissenting) — "Although the public trial right may not be absolute, protection of this basic constitutional right clearly calls for a trial court to resist a closure . . . except under the most unusual circumstances." *State v. Bone-Club*, 128 Wn.2d 254, 259, 906 P.2d 325 (1995). In this case, the majority finds that a defendant who has suffered a violation of his public trial right can be denied a remedy if that defendant raised, but failed to adequately support, an ineffective assistance of appellate counsel claim in his pro se personal restraint petition. *See* CONST. amend. VI. I would hold that any violation of the public trial right is structural error, is prejudicial on its face, and requires relief.

We presume prejudice when a violation of the public trial right occurs. *Id.* at 261-62. It is structural error to close a courtroom without adequate justification, violating the right to a public trial. *State v. Wise*, 176 Wn.2d 1, 14, 288 P.3d 1113 (2012). Structural error is a defect "that 'affect[s] the framework within which the trial proceeds, rather than simply an error in the trial process itself.'" *Id.* at 13-14

(alteration in original) (quoting *Arizona v. Fulminante*, 499 U.S. 279, 310, 111 S. Ct. 1246, 113 L. Ed. 2d 302 (1991)). Such an "uninvited, unwaived violation of this important right [i.e., structural error] is always inherently prejudicial." *In re Pers. Restraint of Coggin*, 182 Wn.2d 115, 126, 340 P.3d 810 (2014) (Stephens, J., dissenting).

Here, the court violated Rhem's public trial right. It removed both Rhem's family and the public without considering any of the *Bone-Club* factors, constituting an erroneous closure. Since this erroneous closure comes before us unchallenged, it is a verity on appeal. *State v. Alexander*, 125 Wn.2d 717, 723, 888 P.2d 1169 (1995). Further, this erroneous closure is a violation of Rhem's public trial right, structural error, and prejudicial on its face. *See, e.g.*, *State v. Frawley*, 181 Wn.2d 452, 459, 334 P.3d 1022 (2014) (C. Johnson, J., lead opinion); *Wise*, 176 Wn.2d at 13; *In re Pers. Restraint of Orange*, 152 Wn.2d 795, 814, 100 P.3d 291 (2004). Rhem "'should not be required to prove specific prejudice in order to obtain relief'" from an improper closure. *Wise*, 176 Wn.2d at 14 (quoting *Waller v. Georgia*, 467 U.S. 39, 49, 104 S. Ct. 2210, 81 L. Ed. 2d 31 (1984)). A violation itself is enough.

After 11 years of litigation, Rhem asks us to remedy a structural error in his trial and the majority denies his request on procedural grounds. He filed his first timely personal restraint petition on July 21, 2006. Division Two of the Court of Appeals stayed this petition, awaiting our conclusions from other public trial rights

cases. After the initial stay was lifted, Rhem's petition was stayed and lifted three more times, each calling for additional briefing or evidentiary hearings regarding another case before this court. The Court of Appeals finally denied his petition in 2015 after *In re Personal Restraint of Coggin* and *In re Personal Restraint of Speight*, 182 Wn.2d 103, 340 P.3d 207 (2014) (plurality opinion), and this court denies it as well. I disagree and would hold that Rhem's right to a public trial was violated, and that this constitutes structural error prejudicial on its face, and would grant Rhem's personal restraint petition. To do otherwise would be to inadequately defend the public trial rights of Rhem and ignore the prejudice inherent in public trial right violations. I respectfully dissent.

_____
Owens, J.

Gordon McCloud, J.

Fairhurst, C.J.

Stephens, J.